Samuel M. Gold, J.
This is a motion to dismiss the petition in a proceeding brought by Roosevelt Raceway, Inc., against George P. Monaghan, as Commissioner of Harness Racing. The object of the proceeding is to compel respondent to correct his records so as to credit petitioner’s construction account with the amount of the tax paid by petitioner to the United States Government in 1958, on funds transferred to petitioner’s general funds from the construction account. Incidental relief is also sought.
The sole ground of the present motion to dismiss is that the proceeding should have been brought against the State Tax Commission, which, it is claimed, has sole jurisdiction to determine petitioner’s right to be reimbursed for Federal income tax payments.
Petitioner’s claim that it is entitled to be reimbursed for Federal income taxes paid upon amounts received by it from its construction account, is based upon the provisions of subdivision 10 of section 45-a of the Pari-Mutuel Revenue Law (L. 1940, ch. 245, as amd.). Section 45-a expressly confers upon respondent jurisdiction (1) to determine whether to approve capital improvements by petitioner and other harness race tracks (without which approval, no payments from the construction accounts of petitioner and the other tracks may be received by them), (2) to make a finding as to the date of completion of any capital improvement and the cost thereof, (3) to receive periodic information from petitioner and other harness race tracks as to the deposits made by them in their respective construction accounts, and (4) to give notice to each harness race track of the amount to be paid by it to the Tax Commission, out of its construction account, in order to bring the total payments to the State Tax Commission from all harness race tracks up to the amount paid to said commission in the year 1955. In addition to these specific grants of jurisdiction to respondent, subdivision 12 of section 45-a, expressly gives him authority to ‘ ‘ adopt rules and regulations to effectuate the provisions ” of said section. Pursuant to subdivision 12, respondent has promulgated a rule requiring his countersignature to all withdrawals by a harness race track from its construction account. By virtue of this rule, which respondent clearly had the right to promulgate, respondent’s refusal to credit petitioner’s construction account with the Federal income tax payments made by petitioner effectually reduced, pro tcmto, the amounts which petitioner may withdraw from the construction account.
It seems clear both from the specific instances of authority conferred upon respondent by the statute and from the omnibus *1067 jurisdiction vested in him to adopt rules and regulations ‘ ‘ to effectuate the provisions ’ ’ of the statute, that the Legislature intended that the determination of the amounts which harness race tracks were entitled to withdraw from their construction accounts was to be made by respondent, rather than by the State Tax Commission. It is interesting to note that, in 1957, the respondent requested an opinion of the Attorney-General as to whether respondent “ should authorize the transfer of funds in the construction account in an amount to pay the federal income taxes in full ” (see answering letter of Attorney-General, dated July 5,1957) and that the Attorney-General, in replying, apparently assumed that the matter was one which had to be determined by respondent and did not take the position that the question was one to be decided by the State Tax Commission.
The motion to dismiss is denied. Respondent may answer and file a brief upon the merits on petitioner’s claim within five days from the service of a copy of this order with notice of entry.